STOULIG, Judge.
Appellant, Thomas E. Wolfe, Sr., seeks reversal of a $1,446 damage award[1] to plaintiff, John C. Roper, alleging the trial judge committed factual error in concluding the negligence of appellant and/or his minor son was the proximate cause of the intersectional collision in which the damages were incurred and in rejecting a plea of contributory negligence. The reasonableness of the quantum of damages awarded is not an issue before us.
*815 The testimony of plaintiff’s witnesses, which the trial court accepted, established the accident occurred this way: On April 13, 1971, at approximately 6:30 p. m., Thomas Wolfe, Sr., driving the lead vehicle, was towing another car, guided by his son, northward on Louisiana Highway 26 (St. Bernard Highway). Plaintiff was proceeding in a westerly direction on Keane Drive and came to a stop at the intersection in obedience to a red light. Moments later, plaintiff activated a change in the traffic signal by backing over a pressure plate located on Keane Drive some SO feet from the intersection. He then attempted to cross the northbound lanes of the highway with the intention of executing a left turn in one of the southbound lanes. When his truck had cleared the northbound lanes and had reached the median, it was struck by the vehicle towed by Wolfe, who entered the intersection against the red light. After appellant braked the lead car to maneuver behind plaintiff’s truck, his son, at the same time, swerved sharply to the left in the adjoining traffic lane in order to avoid rear-ending his father’s car, causing the 10- or 15-foot towline to break. The second vehicle collided with the door and bed of plaintiff’s truck on the driver’s side.
An independent witness, St. Bernard Parish Deputy Sheriff Ernest Nunez, testified he was stopped on the highway in one of the southbound lanes when the accident occurred. He verified Roper had the green light and the car driven by defendant’s minor son moved against the red signal and struck plaintiff as he was in the median.
Appellant’s argument of factual error is predicated on an attack of the deputy’s credibility. It is contended the evidence establishes he was not even at the scene. We note there is some confusion as to which “E. Nunez” reported this accident. In attempting to discredit this witness, defense counsel examined Deputy Sheriff Wallace Ansardi of St. Bernard Parish and elicited that an “E. Nunez” had made numerous calls throughout the evening of April 13, 1971. The inference to be drawn was that “E. Nunez” could not be in two places at the same time and, therefore, could not have seen the accident. None of the calls coincided exactly with the time of the accident report, and on cross-examination, it was disclosed that there are three deputies named “E. Nunez.”[2] According to the Sheriff’s records, the initial report of the accident was made by Edwin Nunez, however the State Police conducted the accident investigation.
The entry in the Sheriff’s record is not explained, but in rebuttal, plaintiff called Gus Reese, a juvenile probation officer with the St. Bernard Parish Sheriff’s Office, who happened on the scene immediately after the accident and helped take the plaintiff to the hospital. He testified he knew Ernest Nunez and saw him at the scene. Further he testified Nunez’s police scooter, with its red light flashing, was parked by the damaged truck. In addition Nunez and plaintiff testified that before the accident they did not know each other. Nunez affirmed he would not give perjured testimony to assist plaintiff and would have no motive for doing so.
It is a firmly engrained principle of appellate review that unless manifestly erroneous factual findings of the trial court are not to be disturbed. In the instant case we are in complete accord with the evidentiary conclusions of the trial judge.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. Vehicular property damage, $275; injury, pain and suffering, $1,000; and medical expenses, $171.

. Ernest E. Jules and Edward Nunez.